UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ADRIAN MINNIS, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) Case No. 4:09CV89 RWS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Adrian Minnis moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Minnis alleges his sentence on Count II of his conviction deprived him of due process because the quantity of drugs I used to calculate his sentence was incorrect. Minnis also alleges that he was denied due process because his counsel was unconstitutionally ineffective. For the reasons set forth below, I will deny Minnis' motion.

**I.   Background**

Minnis was charged by Superceding Indictment with containing one count of conspiracy to distribute and possession with intent to distribute heroin, and one count of possession with intent to distribute cocaine base. On March 31, 2006, Minnis pled guilty to both charges. Minnis' trial was scheduled to begin on April 3, 2006.

Before Minnis' plea hearing, I held a hearing to consider two motions filed by Minnis. The motions alleged that his attorney was ineffective. The basis for Minnis' motion was an alleged lack of communication with his appointed counsel. After questioning Minnis and his attorney, I found that his attorney was not unconstitutionally ineffective because he had been communicating with Minnis, had provided Minnis with the available discovery, and had made

efforts to get a list of witnesses from Minnis. For these reasons I denied the motions.

During the plea hearing on March 31, 2006, I questioned Minnis about the representation he received from his attorney. At that time, Minnis represented to me that he had enough time to discuss his case with his attorney. He also said he was satisfied with his attorney's representation. However, Minnis suggested that there was more that his attorney could have done on his behalf. As a result, I asked Minnis additional questions. In response to my questioning, Minnis admitted that his attorney had contacted all potential witnesses identified by Minnis, spoken with the attorneys of his co-defendants (who advised counsel that their clients would not testify on Minnis' behalf), reviewed the plea agreements of Minnis' co-defendants, listened to the taped conversations and wiretaps provided by the government, and reviewed the discovery in his case with him. Based on Minnis' representations to the court regarding his counsel's efforts on his behalf, I found Minnis' plea was made knowingly and voluntarily and accepted his guilty plea.

Minnis was sentenced on August 26, 2006. On Count I, conspiracy to distribute and possession with intent to distribute heroin, I found the quantity of heroin Minnis possessed and conspired to possess was in excess of 10 kilograms but less than 30 kilograms, making Minnis' base offense level a 36. I added two points to Minnis' offense level because Minnis possessed a firearm, four points because of Minnis' role of leader and organizer in a conspiracy, and two points because Minnis willfully obstructed justice. Two points were deducted for Minnis' acceptance of responsibility. As a result, his offense level was 42. Minnis' criminal history category was V. For this offense level and criminal history category the Sentencing Guidelines recommended a sentence of 360 months to life. After considering the factors listed in 18 U.S.C § 3553, I sentenced Minnis to concurrent sentences of 420 months on Count I and the statutory

maximum of 240 months on Count II.

Minnis appealed his sentence to the Eighth Circuit Court of Appeals alleging I erred when I denied his request for a psychiatric evaluation, calculated the quantity of heroin used to determine Minnis' base offense level and adjusted Minnis' offense level for possession of a firearm and obstruction of justice. He also argued that the sentence I imposed was unreasonable. See United States v. Minnis, 489 F.3d 325, 328 (8th Cir. 2007).[1] The Eight Circuit affirmed Minnis' conviction and his sentence. Id. at 334.

## II.     Grounds for Relief

In his § 2255 motion, Minnis alleges the follow grounds for relief[2]:

(1) The sentence of 240 months on Count II is a deprivation of due process because it is based on inaccurate information regarding the quantity of cocaine base he possessed with intent to distribute; and

(2) His counsel was unconstitutionally ineffective.

## III.    Analysis

*A.  An Evidentiary Hearing is not Warranted*

The Court must hold an evidentiary hearing to consider a motion under 28 U.S.C. § 2255 unless the "allegations cannot be accepted as true because they are contradicted by the record,

---

[1]As will be discussed below, Minnis also raised four additional arguments in a pro se supplemental brief filed with the Eighth Circuit. The appellate court rejected these arguments as well.

[2]Minnis also argues that determining his sentence for Count II based on relevant conduct in Count I violates the Fifth Amendment prohibition on double jeopardy. This argument has been rejected by the United States Supreme Court. See Witte v. United States, 515 US 389, 399 (1995) ("[U]se of evidence related to criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the double jeopardy clause.").

inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons below, I find an evidentiary hearing is not required.

### B. Ground I is Procedurally Defaulted and Meritless

In Ground 1 of his motion, Minnis alleges that his sentence on Count II deprived him of due process because it was based on possession with intent to distribute greater than 5 grams of cocaine base, when only 3.89 grams was seized from him. This claim should have been raised on direct appeal but was not. "A collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). Here, Minnis makes no attempt to excuse the procedural default of Ground 1 of his motion. Because Ground 1 is procedurally defaulted, it cannot be raised in this motion and must be denied.

Even if Ground 1 were not procedurally defaulted, it fails on the merits. Minnis pled guilty to Count II of the Superceding Indictment, which charges Minnis with "knowingly and intentionally possess[ing] with intent to distribute cocaine base, a/k/a 'crack cocaine,' . . . in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 841(a)(1) and punishable under Title 21, United States Code, Section 841(b)(1)(C)." Minnis was not charged with, did not plead guilty to, and was not sentenced for possession with intent to

distribute in excess of five (5) grams of crack cocaine, which is punishable under 21 U.S.C. § 841(b)(1)(B). As the United States Attorney correctly notes, had Minnis been sentenced under 21 U.S.C. § 841(b)(1)(B), his statutory maximum sentence would have been 40 years instead of the statutory maximum sentence of 240 months that he actually received. Because Minnis was properly sentenced to 240 months imprisonment on Count II, Ground I of his § 2255 motion will be denied.

*C. Ground II Fails Because Minnis Did Not Receive Ineffective Assistance of Counsel*

In Ground II of his motion, Minnis argues that his attorney was constitutionally ineffective. Criminal defendants have the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. For a convicted defendant to prove a constitutional violation due to ineffective assistance of counsel they must show (1) that counsel's performance was deficient, and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1994). In assessing whether a counsel's performance was deficient, the court must consider whether the counsel's conduct was "reasonable[] under prevailing professional norms." Id. at 688. Courts employ a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." See id. at 689. To show prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the preceding would have been different." Id. at 694. In the context of a guilty plea, this means the defendant must show that he would have insisted on going to trial if counsel had been effective. See Nguyen v. United States, 114 F.3d 699, 704 (1997). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).

Here, Minnis alleges his attorney was unconstitutionally ineffective for failing to question witnesses, failing to inquire into the status of Minnis' co-defendants' cases, advising him not to accept a government plea offer of 240 months, failing to object to inaccurate information during the sentencing hearing regarding the quantity of drugs possessed by Minnis, refusing to meet with Minnis to discuss trial strategy until two days prior to Minnis' scheduled trial date, and failing to seek recusal. As discussed below, these allegations are meritless.

*i. Failure to Question Witnesses and to Inquire into Co-Defendants' Cases*

Minnis alleges his attorney was unconstitutionally ineffective for failing to question witnesses and to inquire into the status of his co-defendants' cases. To support these allegations, Minnis has submitted an affidavit from his co-defendant, Keith Hardin. The affidavit states:

> After consultation with my attorney Patrick Kilgore [sic] I hereby state that counsel for Adrian Minnis . . . did not contact my counsel regarding the status of my case, nor did he inquire into anything associated with it through any contact with my counsel.

(Traverse, Aff. B).

Minnis' claim is refuted by the record and the admissions he made under oath during his plea hearing. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen, 114 F.3d at 703 (internal citations omitted). This is because "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990)(internal quotation marks and citation omitted).

During his plea hearing, Minnis acknowledged that his attorney had contacted counsel for each of Minnis' co-defendants (who were identified as potential witnesses by Minnis) and that

6

their attorneys advised him that their clients would not testify on Minnis' behalf. Additionally, Minnis admitted that counsel had reviewed the discovery in the case and the plea agreements of his co-defendants, which did not contain exculpatory evidence. A strong presumption of verity attaches to a defendant's statements during plea hearings. It is Minnis' "heavy burden to overcome those admissions." See Nguyen, 114 F.3d at 703. Minnis cannot contradict his statements made to me under oath during the plea hearing, and his claim fails.

Moreover, attorneys are not required to pursue every potential lead for their assistance to be constitutionally adequate. See Strickland, 466 U.S. at 681. Here, where Minnis' attorney had reviewed the plea agreements of Minnis' co-defendants and the discovery in Minnis' case (including all of the taped conversations and transcripts of the calls the United States Attorney intended to introduce into evidence) before Minnis' guilty plea, had numerous conversations with Minnis, and had contacted (through their attorneys) all of the witnesses that Minnis identified, I do not find his attorney's conduct was deficient.

Minnis also cannot show prejudice. A criminal defendant who has pled guilty is prejudiced by his attorney's failure to investigate or discover potentially exculpatory evidence only when investigation would have revealed evidence which would lead effective counsel to advise his client to go to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination of whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."). This analysis depends, "in large part, on whether the evidence likely would have changed the outcome of a trial." Id.

7

Minnis cannot make such a showing here. During Minnis' plea hearing, counsel stated that the plea agreements of Minnis' co-defendants did not contain any exculpatory information, and the attorneys for Minnis' co-defendants all indicated that their clients would not testify on Minnis' behalf.[3] Because Minnis can produce no evidence demonstrating that he was prejudiced by his attorney's alleged error, his ineffective assistance of counsel claim fails.

*ii. Advising Minnis Not to Take a 240 Month Plea Deal*

Minnis next alleges that counsel's representation was unconstitutionally ineffective because his attorney advised him not to take a plea deal of 240 months which was offered by the government. This claim is conclusively refuted by the record because no plea deal was ever offered to Minnis.

*iii. Failure to Object to Quantity of Drugs used to Sentence Minnis*

Minnis argues that his attorney's failure to object to testimony regarding the quantity of cocaine base seized from Minnis amounts to ineffective assistance of counsel. Here, Minnis is restating Ground I as an ineffective assistance of counsel claim. However, Minnis cannot demonstrate either deficient performance or prejudice for the reasons stated above in connection with Ground I. For this reason, the claim fails.

*iv. Failure to Meet with Minnis to Discuss Trial Strategy*

Minnis alleges that his attorney never discussed "options or defense strategies" with him. This allegation is conclusively refuted by the record. At Minnis' plea hearing, I held the following exchange with Minnis and his attorney:

---

[3]In fact, counsel learned that the United States Attorney intended to call co-defendant Antonio Bailey as a witness against Minnis, contrary to Minnis' representation to counsel that Bailey would testify on Minnis' behalf.

> Counsel: Also, we took about one full day of about four and a half hours of listening to the CDS in this case that the government intended to use. We also had the transcripts in front of us on that occasion that occasion that we listened to those CDS and we made it through all the CDS . . .
>
> We also did further preparation, reviewed some of the documents, reviewed the plea agreements in the case, and our preparation was ongoing when he made the decision to be here today to change his plea.
>
> The Court: Do you agree with what your lawyer just said Mr. Minnis?
>
> Minnis: Yes, Your Honor. Yeah.

Minnis cannot contradict his prior statement to me. Evidence provided by counsel in opposition to this motion supports this conclusion. Counsel has testified, and provided verified documentation demonstrating, that he spent substantial time preparing Minnis' case, that he called, visited, and wrote to Minnis on numerous occasions, and he discussed case strategy, options on how to proceed, the ramifications of pleading guilty versus going to trial, possible witnesses, discovery and trial preparation. This evidence is consistent with Minnis' statements made to me under oath and conclusively demonstrates that Minnis' attorney did not render ineffective assistance of counsel. This claim fails.

*v. Failure to Request Recusal*

Finally, Minnis argues that his attorney was ineffective as counsel because he failed to move for recusal based on statements I made to and about Minnis during his own sentencing hearing and that of his co-defendants. On appeal, Minnis raised a claim of my alleged bias and argued that I "should have been recused" in a pro se supplemental brief filed with the Eighth Circuit on January 11, 2007. The Eighth Circuit rejected this claim as follows:

> While it is typically not our practice to allow defendants represented by counsel to submit pro se briefs, see United States v. Moore, 481 F.3d 1113, n.2 (8th Cir.),

> petition for cert. filed, No. 06-11595 (U.S. May 25, 2007), we allowed Minnis to present four additional arguments in a pro se brief. Having read his brief and carefully reviewed each of his claims in light of the record, we find them each to be without merit.

Minnis, 489 F.3d at 334. As a matter of law, counsel cannot be ineffective for failing to make a meritless argument. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994). Because Minnis' argument seeking recusal was meritless, counsel's decision not to move for recusal did not constitute ineffective assistance as a matter of law. Ground 2 of Minnis' § 2255 motion will be denied.

### *D. No Certificate of Appealability Will Issue*

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. Because Minnis has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Adrian Minnis to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability, as Minnis has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is issued this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2010.